# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

KELECHI NWABEKE,

                         Plaintiff,

-vs-                                                    Case No.  6:04-cv-410-Orl-18KRS

TORSO TIGER, INC., BODY TRENDS
HEALTH AND FITNESS, INC., d/b/a Body
Trends.Com, DOMINIC TRADING, INC.,
                         Defendants.

_____

## ORDER

        This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT, TORSO TIGER, INC.'S SECOND MOTION TO COMPEL AND FOURTH MOTION TO DETERMINE SUFFICIENCY OF ATTORNEY-CLIENT PRIVILEGE OBJECTIONS (Doc. No. 107)** |
| **FILED:** | **February 14, 2007** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

| | |
|---|---|
| **MOTION:** | **DEFENDANT, TORSO TIGER, INC.'S MOTION FOR LEAVE TO FILE REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND MOTION TO COMPEL AND FOURTH MOTION TO DETERMINE SUFFICIENCY OF ATTORNEY-CLIENT PRIVILEGE OBJECTIONS (Doc. No. 110)** |
| **FILED:** | **March 6, 2007** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

## I.      PROCEDURAL HISTORY.

Plaintiff Kelechi Nwabeke sued Defendants Torso Tiger, Inc. (Torso Tiger), Body Trends Health and Fitness, Inc. (Body Trends), and Dominic Trading, Inc. arising from physical and emotional injuries allegedly suffered as a result of use of an exercise machine marketed, sold and/or manufactured by the defendants.  Doc. No. 2.[1]  The case is before the Court pursuant to its diversity jurisdiction.

On August 15, 2005, counsel for Body Trends filed an unopposed motion pursuant to Federal Rule of Civil Procedure 35 for Nwabeke to be examined by Preston Richmond, M.D., a retinal surgeon, to determine the nature and extent of any injury to Nwabeke's eye.  Doc. No. 49.  The Honorable G. Kendall Sharp, presiding district judge, granted the motion.  He ordered that Nwabeke attend an ophthalmological examination before Dr. Richmond on Thursday, September 29, 2005, at 10:00 a.m. at Dr. Richmond's offices in Lake Mary, Florida.  Doc. No. 50.

Nwabeke was originally represented by William Ruffier, Esq., of the law firm of Dellecker, Willson & King, P.A.  Doc. No. 17.  On September 20, 2005, Judge Sharp granted Attorney Ruffier's motion to withdraw as Nwabeke's counsel based on a conflict of interest that had arisen.  Doc. No. 59.  Judge Sharp continued the trial to provide Nwabeke time to retain new counsel.  Doc. No. 60.

On September 29, 2005, Torso Tiger and Body Trends filed a motion for sanctions in which they notified the Court that Nwabeke did not appear for the independent medical examination (IME) as required by Judge Sharp's order.  Doc. No. 63.  Nwabeke also failed to appear at the pretrial

---

[1]  The causes of action against Dominic Trading, Inc. were dismissed for failure to prosecute them.  Doc. No. 30.

conference in violation of the order entered by the undersigned Magistrate Judge, and otherwise failed to comply with the requirements of the Case Management and Scheduling Order and this Court's rules. *Id.* In a subsequently filed motion to continue the case, Nwabeke explained the failure to appear at the pretrial conference but did not address the failure to attend the IME. Doc. Nos. 64, 66. Nwabeke did not file a response to the motion for sanctions.

On November 23, 2005, Judge Sharp granted the motion for sanctions and dismissed the case for a number of reasons, including Nwabeke's failure to appear for the IME as ordered. Doc. No. 70. Nwabeke, proceeding *pro se*, filed a motion for reconsideration on December 7, 2005, in which she wrote that she "was first informed of the eye examination appointment in September 2005 by her attorney. Plaintiff immediately had a discussion with her attorney who advised her not to go since she recently saw a certified retina Doctor and also told her that he will notify the defendant." Doc. No. 71 at 1-2. Judge Sharp denied the motion for reconsideration. Doc. No. 75.

Thereafter, Andrew J. Baumann, Esq., entered an appearance on behalf of Nwabeke. Doc. No. 77. He filed a notice of appeal of the denial of the motion for reconsideration. Doc. No. 78. The United States Court of Appeals for the Eleventh Circuit remanded the case for further findings regarding whether Nwabeke's failure to attend the IME was willful. Doc. No. 84.

On remand, Attorney Baumann withdrew as counsel for Nwabeke, and Steven W. Igou, Esq., appeared on Nwabeke's behalf. Doc. No. 95. Judge Sharp entered a new Case Management and Scheduling Order reopening discovery, among other things. Doc. No. 98.

## II.   THE PRESENT DISCOVERY DISPUTE.

Torso Tiger noticed a deposition of Attorney Ruffier, which was conducted on January 16, 2007.  Doc. No. 107-4 (Ruffier Dep.).  The notice required Ruffier to bring to the deposition "[a]ny and all correspondence and or documents of any kind between you and KELECHI NEWABEKE [sic] regarding her Rule 35 Examination previously scheduled for September 29, 2005."  *Id.* ex. A.

During the deposition, Ruffier asserted the attorney-client privilege with respect to the following:

- The contents of a letter dated August 29, 2005, from Ruffier to Nwabeke regarding the IME,[2] Ruffier Dep. at 6-9;

- Whether Ruffier communicated to Nwabeke the information contained in the Court's order granting the motion for an IME, *id.* at 8-9;

- Whether Ruffier advised Nwabeke of the IME scheduled for September 29, 2005, *id.* at 9;

- Whether Ruffier advised Nwabeke not to attend the IME, *id.* at 9-12;

- Whether Nwabeke advised Ruffier that she could not attend the IME as scheduled, *id.* at 10;

- Whether Nwabeke asked Ruffier to reschedule the IME, *id.* at 10;

- Whether Ruffier first told Nwabeke about the IME in September 2005, *id.* at 11; and,

- Whether Ruffier told Nwabeke that he had advised the defendants that Nwabeke would not attend the IME, *id.* at 12.

---

[2]  Ruffier produced the letter in a sealed envelope.

Torso Tiger filed the present motion seeking an order compelling Ruffier to respond to the questions propounded as to these matters and to produce the August 29, 2005, letter.  Torso Tiger contends that Nwabeke waived any privilege that applied to the conversations with her attorney by her representations in the motion for reconsideration.  Nwabeke filed a response to the motion, in which she opposes the relief requested.  Doc. No. 108.

**III.**   **ANALYSIS.**

        *A.*   *Adequacy of the Rule 3.01(g) Certification.*

In the response to the motion, Nwabeke contends, first, that there was no conference pursuant to Local Rule 3.01(g).  Torso Tiger represents that such a conference was held.  Doc. No. 107 at 5.  Because this issue has been the subject of much dispute between the parties, requiring further efforts to resolve the matter without Court intervention is not warranted.

        *B.*   *Relevance.*

Nwabeke also argues that answers to the questions at issue would not support a finding of willfulness and are otherwise not relevant to the issues on remand.  This argument is unavailing because the Eleventh Circuit remanded the case to this Court to make findings regarding whether Nwabeke engaged in "a willful pattern of delay and obstruction of the orderly progress of this case."  Doc. No. 84 at 3.  Whether Nwabeke knew of the IME and the circumstances under which she failed to attend the IME are directly relevant to the issues to be determined on remand.

C.       *Attorney-Client Privilege.*

Florida law governs the question of whether Ruffier's communications with Nwabeke are protected by the attorney-client privilege. *See* Fed. R. Evid. 501. Section 90.502, Florida Statutes, sets forth the elements that Nwabeke must establish to support a claim of privilege. In sum, Nwabeke must establish that each communication was with her lawyer for the purpose of rendering legal services and was intended to be confidential. *See Cunningham v. Appel*, 831 So. 2d 214, 215 (Fla. 5th Dist. Ct. App. 2002). The burden of establishing the application of the attorney-client privilege rests on the party asserting the privilege. *See Cone v. Culverhouse*, 687 So. 2d 888, 892 (Fla. 2d Dist. Ct. App. 1997).

The privilege does not apply to every communication with a lawyer. *See, e.g., Hoch v. Rissman, Weisbert, Barrett*, 742 So. 2d 451, 458 (Fla. 5th Dist. Ct. App. 1999). So, for example, a communication of a date set by court order, such as a trial date, is not a privileged communication. *See, e.g., Watkins v. State*, 516 So. 2d 1043, 1046 (Fla. 1st Dist. Ct. App. 1987). Therefore, the attorney-client privilege does not preclude Ruffier from testifying regarding whether he communicated to Nwabeke the Court's order requiring Nwabeke to attend the IME and when he communicated that information. For the same reasons, to the extent that the letter dated August 29, 2005, merely communicated the substance of the Court's IME order, the letter would also not be privileged.

With respect to the inquiries about whether or not Nwabeke should attend the IME as scheduled, the record is insufficient to support application of the privilege. Nwabeke has not presented any evidence that these communications were for the purpose of rendering legal advice or that they were intended to be confidential. Indeed, Nwabeke's motion for reconsideration supports

-6-

a finding that some of the communications were not intended to be confidential because Ruffier was to advise opposing counsel about some of the information discussed. Thus, Nwabeke has failed to carry her burden of establishing that these communications were privileged.

Torso Tiger also argues that to the extent that any of the communications at issue were privileged, Nwabeke waived the privilege by disclosing portions of her communications with Ruffier in her motion for reconsideration. Section 90.507, Florida Statutes, provides that "[a] person who has a privilege against the disclosure of a confidential matter or communication waives the privilege if the person . . . voluntarily discloses . . . any significant part of the matter or communication."

In her motion for reconsideration, Nwabeke relied on her conversations with Ruffier to excuse her failure to attend the IME. She disclosed that she "was first informed of the eye examination appointment in September 2005 by her attorney. Plaintiff immediately had a discussion with her attorney who advised her not to go since she recently saw a certified retina Doctor and also told her that he will notify the defendant." Doc. No. 71 at 1-2. By disclosing a portion of her communications with Ruffier, Nwabeke waived the privilege as to her communications with Ruffier regarding whether and when she was advised of the Court's order regarding the IME and the advice she received from Ruffier regarding whether to comply with the order. *Cf. Andrade v. State*, 773 So. 2d 1238, 1239 (Fla. 3d Dist. Ct. App. 2000)(Defendant waived privilege by testifying that her lawyer told her not to appear at revocation of probation hearing).

Nwabeke's current attorney attempts to distinguish *Andrade* by arguing that the client in *Andrade* was represented by counsel when she testified about her communications with her attorney in that case, whereas Nwabeke was not represented by counsel when she filed the motion for

-7-

reconsideration.   He cites no authority for the proposition that a client, acting *pro se*, can be relieved from what would be a waiver of the attorney-client privilege if made by a person who was represented by counsel.   Furthermore, there is no evidence showing that Nwabeke was confused or otherwise unable to relinquish the privilege voluntarily and intentionally at the time she filed the motion for reconsideration.   *Cf.   Prieto v. Union Am.  Ins.  Co.*, 673 So. 2d 521, 523 (Fla. 3d Dist. Ct. App. 1996)(finding that a client who testified at deposition through an interpreter did not waive the attorney-client privilege when he "blurt[ed] out a few statements, before the interpreter on hand could even finish translating the objections of Prieto's counsel or his instruction to Prieto not to respond.").

Because Nwabeke failed to sustain her burden of proving that the communications at issue were privileged, and because she waived any privilege that might apply as a result of her disclosure of communications with Ruffier in the motion for reconsideration, Ruffier's reliance on the attorney-client privilege during his deposition is not supported by the law.   Therefore, he will be required to disclose the August 29, 2005, letter and appear at a reopened deposition to answer the questions to which he previously asserted the attorney-client privilege and reasonable follow-up questions.

## IV.    CONCLUSION.

It is **ORDERED** that, on or before May 4, 2007, William Ruffier, Esq., shall produce to counsel for Torso Tiger a complete copy of the August 29, 2005, letter.  It is further **ORDERED** that William Ruffier, Esq., shall appear at a reopened deposition, to be conducted at a date, time and place agreeable to him, his attorney, the parties to this case and their counsel, which shall be scheduled on or before May 31, 2007.  If the participants are unable to arrive at a mutually agreeable

-8-

date, time and place for the reopened deposition, they should contact my courtroom deputy clerk to schedule a telephone hearing, at which time I will schedule the deposition.

     **DONE** and **ORDERED** in Orlando, Florida on April 24, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties