# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**KELECHI NWABEKE,**

                **Plaintiff,**

**-vs-**                                                 **Case No.  6:04-cv-410-Orl-18KRS**

**TORSO TIGER, INC., BODY TRENDS**
**HEALTH AND FITNESS, INC., d/b/a Body**
**Trends.Com, DOMINIC TRADING, INC.,**
                **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**    **FIRST MOTION TO DISMISS PLAINTIFF'S PLEADINGS (Doc. No. 115)**
>
> **FILED:**    **June 5, 2007**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

> **MOTION:**    **FIRST MOTION TO DISMISS PLAINTIFF'S PLEADINGS (Doc. No. 116)**
>
> **FILED:**    **June 12, 2007**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

> **MOTION:** **MOTION FOR LEAVE TO FILE A REPLY (Doc. No. 123)**
>
> **FILED:** July 5, 2007
>
> ───────────────────────────────────────────────
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot. *See* Joint Report, Doc. No. 126, noting that "the parties are in agreement and stipulate that . . . Defendants' motions may be decided based on the evidence and documents presently before the Court."

**I.     BACKGROUND.**

In her complaint, Plaintiff Kelechi Nwabeke alleged that she was injured when rubber tubing on an exercise machine manufactured by Defendant Dominic Trading, Inc. (Dominic), assembled by Defendant Torso Tiger, Inc. (Torso Tiger) and sold by Defendant Body Trends Health and Fitness, Inc. (Body Trends) broke and struck her in the eye. Doc. No. 2. Nwabeke was originally represented by Attorney Jerry Bruce Wells. On June 28, 2004, Attorney William E. Ruffier entered an appearance as co-counsel for Nwabeke. Doc. No. 17. Attorney Wells subsequently withdrew as counsel for Nwabeke. Doc. No. 47.

The Honorable G. Kendall Sharp, presiding district judge, entered two orders requiring Nwabeke to show cause why the case should not be dismissed due to her failure to abide by case management orders, to effect service on Dominic or to move for a default as to Body Trends. Doc. Nos. 15, 26. Thereafter, Nwabeke dismissed her claims against Dominic without prejudice, and Body Trends answered the complaint. Doc. Nos. 28-30.

On January 24, 2005, Torso Tiger filed a motion to compel Nwabeke to respond to interrogatories and requests for production of documents, which had been served on Nwabeke, but to

which she had not responded. Doc. No. 33. Nwabeke did not respond to the motion. Accordingly, it was granted as unopposed. Doc. No. 34.

On August 16, 2005, Judge Sharp granted an unopposed motion requiring Nwabeke to submit to an independent medical examination (IME) pursuant to Federal Rule of Civil Procedure 35. Doc. No. 50. Judge Sharp required that Nwabeke appear at the office of Preston Richmond, M.D., on September 29, 2005, at 10:00 a.m. to be examined. *Id.*

On August 31, 2005, Torso Tiger filed a motion to dismiss the case or strike Nwabeke's pleadings, based on assertions that she provided false and/or misleading testimony during her deposition and that she obstructed the discovery process by failing to provide discovery regarding her treating eye doctors. Doc. No. 51. Specifically, Nwabeke testified as follows:

> Q. Have you ever had any problems with your vision at all, in any way, shape, or form before this incident?
>
> A. Not that I know. I had 20/20 before then.

Doc. No. 51-3 at 2. Torso Tiger had obtained medical records that reflect that Nwabeke had previously complained of traumatic left eye pain and an adverse reaction to amoxicillin in December 2000, as a result of which she could not see. Doc. No. 51-5.

Before filing a response to the motion, Attorney Ruffier filed a motion to withdraw as Nwabeke's counsel, based on an undisclosed conflict of interest, and requested that the Court give Nwabeke a sixty-day continuance to obtain new counsel. Doc. No. 55. On September 20, 2005, Judge Sharp granted the motion to withdraw by endorsed order. Doc. No. 59.

Thereafter, Torso Tiger and Body Trends filed motions asking the Court to sanction Nwabeke for failure to meet to prepare a final pretrial statement, as required by this Court's orders, and for failure to appear for the IME on September 29, 2005. Doc. Nos. 61-63.

Nwabeke responded that she did not know that Ruffier had withdrawn as her attorney until September 20, 2005. She asked for an extension of time to obtain new counsel. Doc. No. 64. On November 9, 2005, Nwabeke requested an additional enlargement of time to obtain counsel. Doc. No. 66. Judge Sharp denied the second request for continuance, because the case had previously been continued to permit her to obtain counsel. Doc. No. 69.

On November 23, 2005, Judge Sharp issued an order on the motions for sanctions. He found that Nwabeke had given misleading testimony at her deposition regarding previous eye problems. He also found that Nwabeke violated a court order when she failed to appear for the IME. He concluded that "[l]esser sanctions, short of dismissal, would not adequately punish Plaintiff for her actions (and her failure to act)." Doc. No. 70 at 3. Accordingly, he dismissed Nwabeke's case with prejudice. *Id.*

Nwabeke filed a motion for reconsideration of the dismissal order. She wrote, among other things, as follows:

> Plaintiff was first informed of the eye examination appointment in September 2005 by her attorney. Plaintiff immediately had a discussion with her attorney who advised her not to go since she recently saw a certified retina Doctor and also told her that he will notify the defendant. Plaintiff also reminded her attorney **again** of this appointment during the mediation meeting and he said that he was taking care of it.

Doc. No. 71 at 1-2. With respect to her deposition testimony, Nwabeke wrote that she did not recall the earlier medical treatment. *Id.* at 2. Judge Sharp denied the motion for reconsideration. Doc. No. 75.

On January 11, 2006, Attorney Andrew J. Baumann entered an appearance as counsel for Nwabeke. Doc. No. 77. He filed an appeal of the order dismissing the case and the denial of the motion for reconsideration, as well as other motions. Doc. No. 79. The United States Court of Appeals for the Eleventh Circuit reversed the order of dismissal and remanded the case for further development of the record regarding whether Nwabeke's failure to attend the IME was willful. The Court wrote as follows: "The record in this case lacks any clear support for the conclusion that plaintiff's failure to attend her examination was 'willful,' and lends itself to the inference that misunderstanding or confusion, engendered in part by an officer of the court, may have led to her failure to attend." Doc. No. 84 at 3.

When the case returned to this Court, Attorney Baumann moved to withdraw as counsel for Nwabeke, stating that he had been retained only to handle the appeal. Doc. No. 91. The motion to withdraw was granted, and Nwabeke was given twenty days from November 8, 2006 to obtain new counsel. Doc. No. 92. Attorney Steven W. Igou subsequently entered an appearance on behalf of Nwabeke. Doc. No. 95.

Subsequently, the Court ordered Attorney Ruffier to answer questions at a deposition and produce documents regarding his communications with Nwabeke regarding the IME. Doc. No. 111.

Thereafter, Attorney Ruffier produced a letter dated August 29, 2005, from him to Nwabeke, advising her of the IME. He wrote, "It is very important that you keep this appointment. If we do not reschedule the appointment prior to that time and you fail to show, your claim and/or benefits could be adversely affected." Doc. No. 115-2; *see also* Doc. No. 122-3 at 4-7 (Ruffier Deposition).

Attorney Ruffier testified that he did not have any discussion with Nwabeke about the IME. He specifically did not tell Nwabeke not to attend the IME, or that the IME was not necessary because Nwabeke had recently seen another doctor. Ruffier Dep. at 7-8.

Attorney Ruffier also testified that he had discussed his intent to move to withdraw as Nwabeke's counsel before he filed the motion to withdraw. *Id.* at 18. In response to a question from Attorney Igou, Attorney Ruffier testified that it would be reasonable to assume that anything scheduled during the sixty-day continuance granted by Judge Sharp when Attorney Ruffier withdrew would also be continued. Ruffier Dep. at 19-21.

Torso Tiger and Body Trend filed renewed motions to dismiss the case or strike Nwabeke's pleadings based on Attorney Ruffier's testimony that he did not tell Nwabeke that she should not attend the IME. Doc. Nos. 115, 116. Nwabeke responded to the motions through her attorney. Doc. No. 122. Torso Tiger sought leave to file a reply to Nwabeke's response. Instead, the Court scheduled the matter for an evidentiary hearing. Doc. No. 125. Counsel agreed that no hearing was necessary. Doc. No. 126. As a result, the hearing was canceled, and the motions are now ripe for consideration.

**II.   ANALYSIS**.

Although Defendants cite to five federal rules of procedure, one state procedural rule (the applicability of which is unclear), one local rule and the Court's inherent power as grounds for dismissal, the Court finds the applicable standards of law to be considerably narrower. Although the district court possesses inherent power to police its docket, *Link v. Wabash Railroad Co.,* 370 U.S. 626, 629-30 (1962), "a dismissal with prejudice, whether on motion or *sua sponte*, is an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser

-6-

sanctions would not suffice." *Betty K. Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333, 1337-38 (11th Cir. 2005) (internal citations and emphasis omitted). As mandated by the appellate court, the inquiry is whether the record "clearly reflect[s] a willful pattern of delay and obstruction of the orderly progress of the case." Doc. No. 84 at 3.

As discussed above, Nwabeke and Attorney Ruffier disagree on the events that lead to Nwabeke's failure to attend the IME. Nwabeke wrote to this Court that Attorney Ruffier advised her not to attend the IME, but Attorney Ruffier avers that he did not give Nwabeke any such advice. Curiously, counsel for Torso Tiger and Body Trend did not seek leave to reopen Nwabeke's deposition to inquire about her written statement to the Court. They also did not accept the Court's invitation to have an evidentiary hearing at which Nwabeke could have been called to testify regarding the reason she did not attend the IME. Such testimony would have given the Court an opportunity to assess Nwabeke's credibility during her live testimony, rather than trying to determine based on a written record whether Nwabeke's failure to attend the IME was a legitimate misunderstanding about the effect of the sixty-day continuance of the case or a willful disobedience of a Court order.

While I remain concerned about Nwabeke's veracity both as to her attendance at the IME and with respect to her deposition testimony regarding her medical history, the record is insufficient "to clearly reflect a willful pattern of delay and obstruction of the orderly progress of the case." Doc. No. 84 at 3. Accordingly, Torso Tiger and Body Trend having failed to establish the factors required by

the Eleventh Circuit's remand, I respectfully recommend that their respective motions to dismiss be denied.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 6, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy